**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Ryan Smith,<br><br>Plaintiff,<br><br>vs.<br><br>Suzanne Adams; Arlene Bluth; Rowan Wilson; Vanessa Fang; Everett Hopkins; Hector Lasalle; Stuart Slotnick; Wavny Toussaint; Dianne T. Renwick; Kevin McClanahan; Julia Hernandez; Joy Campanelli; Tanya Faye; Joseph W. Belluck; Michael Rosenthal; Jamaal T. Bailey; Genine Edwards; Carmen A. Pacheco; Michael Ginaris; Jack M. Martins; and Brian Gotlieb,<br><br>Defendants. | ) | Civil Action No. 6:26-cv-03511-TMC<br><br>**ORDER** |

Plaintiff Ryan Smith, a *pro se* litigant, filed a three-sentence complaint alleging Defendants intend to unconstitutionally "redraw existing district boundaries." (ECF No. 1). There are no allegations from which the court can discern the basis for its jurisdiction or venue in this district. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On August 19, 2026, the magistrate judge issued an order informing Plaintiff his Complaint was not in proper form for service. (ECF No. 8). Plaintiff was directed to fully complete a standard complaint form and the service documents for the Defendants named in his case and warned that the failure to provide the necessary information within a specific time period may subject the case to dismissal. Furthermore, the Plaintiff was warned that if he failed to keep the court apprised of his current

address, he might fail to meet a deadline set by the court, resulting in the dismissal of his action for violating a court order. (ECF No. 8 at 3). The order was mailed to Plaintiff at the only address provided the court in connection with this action, (ECF No. 10), but was subsequently returned to the court bearing the notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (ECF No. 15).

Now before the court is the magistrate judge's report and recommendation ("Report"), recommending the court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 18). The Report was mailed to the same address for Plaintiff on record with the court. (ECF No. 20). As before, the Report was returned to the court bearing the notation "Return to Sender, No Such Number, Unable to Forward." (ECF No. 21). Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 18 at 3), but has not done so. The time for Plaintiff to object to the Report has expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating

only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the court agrees with the findings and conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the court **ADOPTS** the Report, (ECF No. 18), and incorporates it as if set forth fully herein. This action is hereby **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Senior United States District Judge

October 2, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.